**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTOLIN LORENZO-LOPEZ, | No.   15-71324 |
| Petitioner, | Agency No. A200-567-154 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
Pasadena, California

Before: PAEZ, PARKER,** and CLIFTON, Circuit Judges.

Antolin Lorenzo-Lopez petitions for review of the Board of Immigration

Appeals' ("BIA") decision denying her asylum, withholding of removal, and

Convention Against Torture ("CAT") claims. We have jurisdiction under 8 U.S.C.

§ 1252.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

**1.** An asylum application must be filed within one year of a noncitizen's last arrival in the U.S. 8 U.S.C. § 1158(a)(2)(B). An exception allows consideration of a late-filed application if the noncitizen demonstrates "extraordinary circumstances relating to the delay in filing an application." *Id*. at § 1158(a)(2)(D). The application still must be filed "within a reasonable period given those circumstances." 8 C.F.R. § 208.4(a)(5). This court treats six months as the "default" for a reasonable length of delay. *Wakkary v. Holder*, 558 F.3d 1049, 1058-59 (9th Cir. 2009) (quoting *Husyev v. Mukasey*, 528 F.3d 1172, 1182 n.4 (9th Cir. 2008)).

Lorenzo-Lopez filed her asylum application approximately five years after her last arrival and two years after her removal proceedings began. Lorenzo-Lopez argues two grounds for a finding of extraordinary circumstances: (1) her mental health; and (2) reliance on statements by Border Patrol that she could not apply for asylum. Even if extraordinary circumstances existed, she failed to file the application within a reasonable period. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). We therefore deny Lorenzo-Lopez's petition for review of her asylum claim.

**2.** In contrast, the one-year filing deadline does not apply to withholding of removal or CAT relief.

In rejecting Lorenzo-Lopez's claims for withholding of removal and CAT

relief, the BIA found "no error in the Immigration Judge's conclusion that the respondent did not establish that the Mexican government is unwilling or unable to protect her from violence or that a pattern or practice of persecution exists against transgendered persons" or "that it is more likely than not she will be tortured by or with the acquiescence of a government official." However, in rejecting these claims, the BIA did not have the benefit of our decision in *Avendano-Hernandez v. Lynch*, 800 F.3d 1072 (9th Cir. 2015). There, we recognized the serious conditions threatening transgender persons in Mexico and held that a transgender Mexican woman was entitled to CAT relief. *Id.* at 1082 (noting "police specifically target the transgender community for extortion and sexual favors, and [] Mexico suffers from an epidemic of unsolved violent crimes against transgender persons").

Given the similarities in the record evidence, we grant the petition for review of the withholding of removal and CAT claims and remand for further consideration in light of *Avendano-Hernandez*. Although there is a lack of evidence of past persecution or torture in this case, that is not dispositive of Lorenzo-Lopez's claims for withholding of removal or CAT relief. For example, a noncitizen can establish eligibility for withholding of removal through an independent showing of a clear probability of future persecution based on a systematic "pattern or practice" of persecution against the group to which she belongs in her home country. 8 C.F.R. § 208.16(b)(2)(i); *Wakkary*, 558 F.3d at

3

1060.  Yet, neither the Immigration Judge nor the BIA discussed the record evidence submitted in this case concerning the conditions faced by transgender persons in Mexico.  The question for the agency on remand is whether this record evidence, either alone or in combination with evidence of Lorenzo-Lopez's past experiences, is sufficient to establish that it is more likely than not that she will be persecuted or tortured upon return.  *See Wakkary*, 558 F.3d at 1067.

On remand, Lorenzo-Lopez may seek leave to update the evidence of country conditions.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, AND REMANDED.**